Bernard Q. Phelan
WSB 5-1385
The Phelan Law Firm
1811 Evans Avenue
Cheyenne, Wyoming 82001
307-634-8085
307-634-2344 (f)
phelanlaw@wyoming,com

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING.

No._____

| | |
|---|---|
| CLAUDETTE LONG, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| XANTERRA PARKS AND RESORTS Inc. a/k/a XANTERRA LEISURE HOLDINGS, LLC, A commercial concessionaire operating in Yellowstone National Park, | ) ) ) ) ) ) |
| Defendants. | |

COMPLAINT

Plaintiff alleges:

1. Plaintiff is a black female of African descent and color, a citizen of the United States and a resident currently of the State of Texas. Defendant is a corporation or Limited Liability Company operating out of the State of Colorado and is a commercial concessionaire operating in Yellowstone National Park.

Yellowstone National Park is a federal enclave within the States of Wyoming, Montana and Idaho.

2. The defendant is contracted with the United States of America to provide concessionaire services at the Old Faithful Snow Lodge

3. The jurisdiction of this court is invoked under 28 U.S.C. §1343 and the proceedings and is brought pursuant to Tile VII of the Civil Rights Act of 1964 as amended, 42 USC§ 2000e *et. seq.*

4. On October 28, 2019, the plaintiff filed her Charge of Discrimination with the Wyoming Department of Employment alleging unlawful discrimination on the part of her employer.

5. On September 30, 2020, the United States Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue to the plaintiff which she received sometime after that date.

6. Beginning on April 12, 2019, I was a salaried EDR manager for Yellowstone Park through Xanterra Parks and Resorts / Xanterra Leisure Holdings; however, on June 14, 2019, after making continued complaints of racial and sexual discrimination and harassment, constituting a hostile environment, I was abruptly terminated and told I would be arrested for trespassing if I did not leave the premises.

7. During my employment I was told by management that I was going to

have a problem with some employees because they said they would not take instruction from me because I am a woman and that I am black.

8. Subsequently during my employment employees of the defendant placed "comment cards" containing racist and sexist epithets, threats, swastikas, and other distasteful material where I and others could see them; and, in addition I received threats of physical harm and death.

9. I complained to management about this discriminatory and hostile work environment, but nothing was done to stop the harassment.

10. After reporting to management the existing intolerable hostile environment and my wish that it be stopped and law enforcement be contacted, I was told that I would be "let go" because I had threatened to call the police.

11. I was given a deadline to leave the premises or be arrested.

12. The acts and conduct of the defendant constitute discrimination on the basis of race and sex consisting of tolerating and even promoting personal race and gender based harassment by employees and management creating an intolerable hostile environment contrary to the dictates of Title VII of the Civil Rights Act of 1964, specifically Sections 706 and 704.

13. This unlawful conduct on the part of the defendants through their agents and employees, subjected plaintiff to discrimination and deprivation of rights secured to the plaintiff by the constitution and laws of the United States; to wit, to

be free from discrimination in employment.

14. As a direct and proximate result of the unlawful retaliation by the defendants, plaintiff has suffered damages including but not limited to lost past income, lost future income, and consequential damages in the form of humiliation, mental anxiety and emotional harm, the amount of which will proven at trial.

15. As the acts of the defendant were willful and wanton, the plaintiff is entitled to an award of punitive damages.

16. Federal Civil Rights Law, at 42 U.S.C. 2000e- 5g, permits a court to order equitable relief, including ordering affirmative action, to remedy past discrimination and prevent such in the future.

### Attorney Fees.

17. Plaintiff is entitled to recover reasonable attorney fees pursuant to 42 U.S.C. §2000e- 5k.

### Jury Demand.

**Plaintiff demands that the facts of this case be tried by a jury of six persons**

WHEREFORE, Plaintiff prays that she be awarded her damages of $250,000,00 or so much as may be as may be reasonable and just; that the court order appropriate equitable relief; and that the court award reasonable attorney fees and costs.

Dated: December 29, 2020.

                                                                     Claudette Long, Plaintiff

                                                           By: _____
                                                                  Bernard Q. Phelan
                                                                  Attorney at Law
                                                                  WSB #5-1385
                                                                  1811 Evans Avenue
                                                                  Cheyenne, Wyoming 82001
                                                                  307-634-8085
                                                                  307-634-2344
                                                                  phelanlaw@Wyoming.com